FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 31 1998

JAMES W. McCORMACK, CLERK
By: _____
                    DEP. CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY                            PLAINTIFF
COMMISSION

VS.                          CASE NO.: LR-C-97-1022

ARAMARK EDUCATIONAL SERVICES, INC.                      DEFENDANT
d/b/a ARAMARK CORPORATION

BETTY J. SUMNER                                         INTERVENOR

## INTERVENOR'S PRE-TRIAL CONFERENCE INFORMATION SHEET

Comes now the Intervenor, Betty J. Sumner, by and through her attorneys, MORGAN WELCH & ASSOCIATES and DAVID H. WILLIAMS, and for her Pre-trial Conference Information Sheet provides the following:

1. **THE IDENTITY OF THE PARTY SUBMITTING INFORMATION**:

The following information is being submitted by Morgan E. Welch & Christopher R. Heil, MORGAN WELCH & ASSOCIATES, and David H. Williams, attorneys for the Intervenor, Betty J. Sumner.

2. **THE NAMES, ADDRESSES AND TELEPHONE NUMBERS OF ALL COUNSEL FOR THE PARTY**:

Morgan Welch & Associates (Morgan E. Welch and Christopher Heil), 620 West Third, Suite 100, P.O. Drawer 3685, Little Rock, Arkansas 72203-3685, (501) 376-9900 and David H. Williams, 221 Center Street, 2nd Floor, Little Rock, Arkansas, 72201, (501) 372-0038.

1

3. **A BRIEF SUMMARY OF THE CLAIMS AND RELIEF SOUGHT:**

(For the Intervenor) This is an action to redress employment discrimination based upon sex (sexual harassment; hostile environment); for retaliation for complaints of sexual harassment and for constructive discharge as Ms. Sumner was forced to resign her employment as a direct result of the sexually hostile work environment and retaliation; for a permanent injunction prohibiting Defendant from engaging in policies and practices contained herein in violation of 42 U.S.C. §2000e, et seq., the Equal Employment Opportunity Act (EEOA) (as amended by the Civil Rights Act of 1991) and the Arkansas Civil Rights Act of 1993, A.C.A. 16-123-101, et. seq: and for practices complained of under the Arkansas common law tort of Outrage; for full back pay, front pay, liquidated damages, benefits, damages for pain and suffering, punitive damages, costs and attorney's fees, and any and all other benefits to which the Plaintiff would have been entitled.

4. **PROSPECTS FOR SETTLEMENT, IF ANY.:**

Though the topic of settlement has not been formally discussed by the parties, and therefore it appears unlikely that this case will settle.

5. **THE BASIS FOR JURISDICTION OR OBJECTIONS TO JURISDICTION:**

The jurisdiction of this Court was invoked by the EEOC pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and under 42 U.S.C. § 2000e, et seq., the Equal Employment Opportunity Act.

Betty J. Sumner invoked her unconditional right to Intervene in this action pursuant to Rule 24(a) of the Federal Rules of Civil Procedure and 42 U.S.C. 2000e-5(f)(1).

In addition to, or concurrent with the relief sought by the EEOC, Intervenor also seeks relief under Title VII of the 1964 Civil Rights Act, and the Civil Rights Act of 1991 as the same pertains to discrimination based on sex, sexual harassment and retaliation; and for a declaratory judgment

under 28 U.S.C. §§ 2201 and 2202, declaring that the Defendants have discriminated against her in the terms and conditions of her employment. This Court also has jurisdiction over Intervenor's state law claims brought pursuant to the Arkansas Civil Rights Act of 1993, A.C.A. 16-123-101, *et. seq.* and for the torts of Outrage pursuant to the plenary power of this Court to invoke its pendant jurisdiction over causes of action arising under Arkansas law.

Intervenor is unaware of any objections to the jurisdiction of this Court.

### 6. A LIST OF PENDING MOTIONS:

No motions are pending and the motion deadline has passed, however it is anticipated that all or some of the parties may file Motions in Limine prior to trial.

### 7. A CONCISE SUMMARY OF FACTS:

From on or about January 17, 1997, and continuing, Defendant, by and through its agents and employees, has engaged in unlawful employment practices at its Searcy, Arkansas facility located on the campus of Harding University, in violation of 42 U.S.C. §2000e-2(a). The unlawful practices include, but are not limited to discrimination against Betty J. Sumner on the basis of her sex in that she was subjected to a sexually hostile work environment. Mrs. Sumner's supervisor, Defendant's Food Services Director, rolled and fingered his penis through his clothing, during several meetings with Mrs. Sumner and other female employees. In addition, the Food Services Director made derogatory comments about females.

Mrs. Sumner and at least one other female employee complained about this conduct to Defendant's District Manager. Defendant failed to take remedial action to protect Mrs. Sumner and other female employees from the sexually hostile work environment created by the Food Services Director. After Mrs. Sumner complained about the Food Services Director's inappropriate sexual

conduct in the workplace, Defendant failed to take any corrective action. The Food Services Director was not disciplined for his conduct and his inappropriate conduct continued in the Defendant's workplace. The Food Services Director retaliated against Mrs. Sumner after she complained about his inappropriate sexual conduct. Mrs. Sumner was required to work excessive hours without appropriate staffing. In addition, the Food Services Director made negative comments about Mrs. Sumner's job performance and attempted to undermine her reputation in the community.

The Director's conduct and Defendant's inaction continued and reached the point that it became so intolerable that Mrs. Sumner was forced to resign. Mrs. Sumner was constructively discharged as a result of the ongoing sexually hostile work environment and retaliation.

## 8. ALL PROPOSED STIPULATIONS:

a. The dates of Ms. Sumner's employment;

b. Ms. Sumner filed a timely Charge of Discrimination;

c. That the action filed by the EEOC was timely filed and that Ms. Sumner filed a timely motion to intervene.

d. That at all times relevant hereto John Gaughn and Charles Liming were Ms. Sumner's supervisors.

e. That the Defendant employed at least 15 persons at all times relevant hereto.

## 9. THE ISSUES OF FACT EXPECTED TO BE CONTESTED:

a. Whether Intervenor was subjected to a sexually hostile work environment.

b. Whether Intervenor was retaliated against for complaining of sexual harassment.

c. Whether Intervenor was constructively discharged from her employment.

4

10. **THE ISSUES OF LAW EXPECTED TO BE CONTESTED**:

None

11. **A LIST AND BRIEF DESCRIPTION OF ALL EXHIBITS THAT WILL BE OFFERED IN EVIDENCE.**

Intervenor may offer the following exhibits at the trial of this cause:

(a)   Summaries of witness statements taken by the EEOC investigator.

(b)   The personnel file, or excerpts thereof, of the Intervenor;

(c)   Excerpts from the personnel file of John Gaughn;

(e)   Tax returns and other financial and benefit documents concerning the Intervenor;

(f)   EEOC File, or excerpts thereof;

(g)   Depositions of unavailable witnesses.

(h)   Documents requested in discovery but not yet received by the Intervenor, including but not limited to those requested during the depositions of John Gaughn, Charles Liming and Rhonda Liming.

(I)   Any exhibits attached to the depositions in this case;

(j)   Intervenor's Medical Records, or excerpts thereof;

(k)   Answers to Interrogatories and Requests for Production.

A complete list will be provided in accordance with the Court's Scheduling Order. Intervenor reserves the right to amend her Pre-Trial Sheet and to use or introduce any exhibit listed by the Plaintiff or Defendant.

12. **A LIST AND BRIEF DESCRIPTION OF ALL CHARTS, GRAPHS, MODELS, SCHEMATIC DIAGRAMS AND SIMILAR OBJECTS WHICH WILL BE USED IN OPENING STATEMENT OR CLOSING ARGUMENT WHETHER OR NOT THEY WILL BE OFFERED IN EVIDENCE.**

Intervenor may use "blow-ups" of the exhibits and documents listed above for the purposes of opening statements and closing argument.

13. **THE NAMES, ADDRESSES AND TELEPHONE NUMBERS OF ALL WITNESSES WHO WILL BE CALLED, EXCLUDING WITNESSES TO BE USED SOLELY FOR IMPEACHMENT OR REBUTTAL. (Indicate the nature of the testimony to be given by each witness, i.e. liability, expert, property damages, pain and suffering, etc. Also include an estimate o how long testimony of each witness is expected to take).**

Betty J. Sumner, Intervenor (Liability & Damages)   1-2 hours
c/o Morgan Welch & Associates
620 W. 3rd Street, Suite 100
Little Rock, AR 72201
376-9900

Steve Sumner (Intervenor's Husband)
c/o Morgan Welch & Associates

John K Gaughn
115 Red Oak Lane
Searcy, AR

April Didrikson - last known contact information, (707) 963-3161

Charles Liming
c/o Aramark, Harding University.

Kristy Carter
c/o Aramark, Harding University.

Rita Collins
c/o Aramark, Pine Bluff

Rhonda Liming
c/o Aramark, Harding University.

Lawanna Stone
c/o Aramark, Harding University.

6

Corrine Brown
c/o Aramark, Harding University.

Diane Jackson
c/o Aramark, Harding University.

Jeff Gates
c/o Aramark, Harding University.

Phil Chwalinski
c/o Aramark, Florida State University

Fran Brezardi
c/o Aramark, Home office, Dallas, TX

Ms. Jeannie Schay, L.C.S.W.
Counseling Services of Jacksonville
707 S. First Street
Jacksonville, AR 72076
(501) 982-8369

Custodian of Records; Little Rock Air Force Base, Family Practice Clinic, Mental Health Clinic

Intervenor reserves the right to call any witness identified by the Plaintiff or Defendant.

### 14. ANY REQUEST TO AMEND PLEADINGS.

None at this time. Intervenor reserves the right to request that her pleadings be amended to conform to the proof at trial pursuant to Rule 15 of the Federal Rules of Civil Procedure.

### 15. THE CURRENT STATUS OF DISCOVERY, A PRECISE STATEMENT OF THE REMAINING DISCOVERY AND AN ESTIMATE OF THE TIME REQUIRED TO COMPLETE DISCOVERY.

Discovery is ongoing. The parties have agreed to take further depositions after the discovery deadline.

### 16. SUGGESTIONS FOR EXPEDITING DISPOSITION OF THE ACTION:

None at this time.

17. **AN ESTIMATE THE LENGTH OF TRIAL.**

At this time, Intervenor estimates that the presentation of her case, and that of the Plaintiff will take 1 to 2 days. Intervenor estimates that the total time necessary to complete the trial of this cause will be 2 to 3 days.

                              Respectfully submitted,

                              CHRISTOPHER R. HEIL, #92128
                              MORGAN WELCH & ASSOCIATES
                              620 West Third, Ste. 100
                              P.O. Drawer 3685
                              Little Rock, AR 72203-3685
                              (501)376-9900

And   DAVID H. WILLIAMS, #75139
        212 Center Street, 2nd Floor
        Little Rock, AR 72201
        (501) 372-0038

## CERTIFICATE OF SERVICE

I, Christopher R. Heil, do hereby certify that I have mailed a true and correct copy of the foregoing document to the following counsel of record, this 31st day of July 1998:

Scott Lancaster
Friday, Eldredge & Clark
2000 First Commercial Building
400 West Capitol Avenue
Little Rock AR 72201-3493

Mr. Bill Cash
Senior Trial Attorney
Equal Employment Opportunity Commission
1407 Union Ave., Suite 621
Memphis, TN 38104

                                                  Christopher R. Heil