

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 31 1998

IN THE UNITED STATES DISTRICT COURT JAMES W. McCORMACK, CLERK
By:_____
FOR THE EASTERN DISTRICT OF ARKANSAS          DEP CLERK

WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br>   ) <br> Plaintiff, ) <br>   ) CIVIL ACTION NO. <br> v. ) LR-C-97-1022 <br>   ) <br> ARAMARK EDUCATIONAL SERVICES, INC. ) <br> d/b/a ARAMARK CORPORATION ) <br> Defendant, ) | |

### PLAINTIFF'S PRETRIAL CONFERENCE
### INFORMATION SHEET

Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), for its Pretrial Conference Information Sheet states:

1. **The identity of the party submitting the information:** The following information is being submitted by the Equal Employment Opportunity Commission through its counsel.

2. **The names, addresses and telephone numbers of all counsel for the party:** Katharine W. Kores, Terry Beck, William A. Cash Jr., EEOC, 1407 Union Avenue, Ste. 621, Memphis, TN. 38104, (901) 544-0140.

3. **A brief summary of the claims and relief sought:**
Plaintiff alleges that Betty Sumner and other female employees

were discriminated against by Defendant Aramark in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Defendant violated Title VII by subjecting Betty J. Sumner and other female employees to a sexually hostile work environment. Defendant failed to take remedial action to protect Mrs. Sumner and other female employees from the sexually hostile work environment created by John Gaughan. Defendant retaliated against Mrs. Sumner after she complained about her supervisor's inappropriate sexual conduct in the workplace. Mrs. Sumner was forced to resign her position with Defendant due to the ongoing sexually hostile work environment and retaliation.

Plaintiff is seeking a permanent injunction enjoining Defendant from engaging in any employment practice that discriminates against female employees because of their sex and any employment practice that retaliates against employees for complaining about discrimination in the workplace. Plaintiff is also seeking backpay for Betty J. Sumner and other female employees, compensatory and punitive damages and any other relief the Court deems necessary and proper.

4.  **Prospects for settlement:** It appears unlikely that this case will settle.

5.  **The basis for jurisdiction or objections to jurisdiction:**

This is an action filed by a federal agency pursuant to Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. §2000e et seq. Defendant is located in the Western Division of the Eastern District of Arkansas.

Betty Sumner invoked her unconditional right to intervene in this action pursuant to Rule 24(a) of the Federal Rules of Civil procedure and Title VII.  42 U.S.C. §2000e-5(f)(1).

Plaintiff and Plaintiff-Intervenor are seeking relief pursuant to the Civil Rights Act of 1991.

6. **A list of pending motions:**     None.

7. **A concise summary of facts:**

Plaintiff alleges that Defendant violated Title VII by subjecting Betty J. Sumner and other female employees to a sexually hostile work environment.  Mrs. Sumner's supervisor, John Gaughan, rolled and fingered his penis through his clothing, during several meetings with Mrs. Sumner and other female employees.  In addition, Mr. Gaughan made derogatory comments about females. Mrs. Sumner and at least one other female employee complained about this conduct to Defendant's District Manager, Charles Liming. Defendant failed to investigate the complaints of sexual harassment.  Defendant failed to take remedial action to protect Mrs. Sumner and other female employees from the sexually hostile work environment created by John Gaughan.

Defendant retaliated against Mrs. Sumner after she complained about her supervisor's inappropriate sexual conduct in the workplace.  Mrs. Sumner was required to work excessive hours without appropriate staffing.  In addition, Mr. Gaughan made negative comments about Mrs. Sumner's job performance and attempted to undermine her reputation in the community.

On or about March 18, 1997, Mrs. Sumner was forced to resign

her position with Defendant due to the ongoing sexually hostile work environment and retaliation.

Mrs. Sumner filed a charge of discrimination with Plaintiff on June 26, 1997. A determination was issued by Plaintiff on September 30, 1997, finding reasonable cause to believe that Defendant had violated Title VII. Plaintiff attempted to conciliate the charge as required by Title VII. Conciliation efforts failed on November 26, 1997. Plaintiff filed its complaint pursuant to Title VII on December 16, 1997. Plaintiff-Intervenor filed its complaint in intervention on January 13, 1998. Defendant filed answers to both complaints. The jury trial of this matter is set for the week of August 31, 1998.

8. **Proposed stipulations:**
   a. The dates of Mrs. Sumner's employment.
   b. Mrs. Sumner filed a timely charge of discrimination.
   c. That the action filed by Plaintiff was timely filed and that Mrs. Sumner filed a timely motion to intervene.
   d. That at all relevant times John Gaughan and Charles Liming were Mrs. Sumner's supervisors.
   e. That Defendant employed at least 15 persons at all relevant times.

9. **The issues of fact expected to be contested:**
   a. Whether Intervenor was subjected to a sexually hostile work environment.
   b. Whether Intervenor was retaliated against for

complaining of sexual harassment.

    c. Whether Intervenor was constructively discharged from her employment.

10. **The issues of law expected to be contested:**

None.

11. **A list and brief description of exhibits that will be offered into evidence**

    a. Notice of Charge of Discrimination and Charge of Discrimination of Betty Sumner.

    b. Determination of the Commission on the Charge of Discrimination of Betty Sumner.

    c. Personnel file of Betty Sumner.

    d. Personnel file of John Gaughan.

    e. Position Statement of Defendant for the charge of discrimination filed by Betty Sumner.

    f. Request for Reconsideration submitted by Defendant.

    g. Depositions and the exhibits to the depositions of unavailable witnesses.

    h. Summaries of witness statements by EEOC Investigator.

    I. Tax returns and other financial and benefit documents concerning Intervenor.

    j. Documents requested in discovery but not yet received by Plaintiff, including but not limited to those requested during the depositions of John Gaughan, Charles Liming and Rhonda Liming.

    k. Exhibits attached to depositions.

    l. Intervenor's medical records.

 m. Resignation letter of Intervenor.

 n. Employee handbooks and personnel policies of Defendant.

 o. Sexual harassment policies of Defendant.

 p. Financial data regarding Defendant. (information pertinent to request for punitive damages).

 q. Defendant's Responses to Plaintiffs discovery requests.

 r. Other documents within the investigative file of the charge of discrimination filed by Betty Sumner may be used as exhibits by Plaintiff.

Plaintiff will supplement this response as other discovery is provided by Defendant. A complete list will be provided in accordance with the Court's Scheduling Order. Plaintiff reserves the right to use or introduce any exhibit listed by Plaintiff-Intervenor or Defendant.

**12. A list and brief description of charts, graphs, models, schematic diagrams and similar objects which will be used in opening statement or closing argument whether or not they will be offered in evidence.**

None are anticipated at this time.

**13. The names, addresses and telephone numbers of all witnesses who will be called, excluding witnesses to be used solely for impeachment or rebuttal:**

Plaintiff reasonably expects to call as witnesses the following individuals:

1. Betty Sumner (Plaintiff-Intervenor) -- c/o Morgan Welch & Associates, 620 W.3rd Street, Ste. 100, P.O. Drawer 3685, Little

Rock, AR 72203-3685.   (liability and damages)   (1-2 hours)

2.   Steve Sumner (husband of Plaintiff-Intervenor) -- c/o Morgan Welch & Associates.   (liability and damages)   (1 hour)

3.   John K. Gaughan (Former Food Services Director for Defendant) c/o Aramark.   (liability and damages)   (1-2 hours)

4.   April Didrikson -- Last known telephone numbers: 707-963-3161.   Last known address: 106 South Moss, #2, Searcy, AR 72143.   (liability and damages)   (1-2 hours)

5.   Charles Liming (District Manager for Defendant) c/o Aramark.   (liability)   (1 hour)

6.   Fran Brezardi (Defendant's Human Resource Director) c/o Aramark.   (liability)   (1 hour)

7.   Kristy Carter -- c/o Aramark, Harding University.   (liability) (1 hour)

8.   Rita Collins -- c/o Aramark in Pine Bluff, AR.   (liability) (1 hour)

9.   Rhonda Liming -- c/o Aramark, Harding University.   (liability)   (1 hour)

10.   Lawana Stone -- c/o Aramark, Harding University   (liability)   (.5 hour)

11.   Corrine Brown -- c/o Aramark, Harding University   (liability)   (.5 hour)

12.   Dianne Jackson -- c/o Aramark, Harding University   (liability)   (.5 hour)

13.   Jeff Gates -- Last known telephone number: h. 279-9135.   Last known address: 311 Jennifer Lane, Searcy, AR 72143.

(liability)   (.5 hour)

14.   Phil Chwalinski --   c/o Aramark, Gainesville, FL. (liability)   (1 hour)

15.   Terrence Clark, Donna Cantrell and Enice Gates -- c/o Aramark (liability)   (.5 hours each) (may call)

16.   Ms. Jeannie Schay, Counseling Services of Jacksonville, 707 S. First Street, Jacksonville, AR.   Phone number: 982-8369. (damages)   (1 hour)

17.   Dr. Burks, President of Harding University and Mrs. Burks (liability)   (.5 hours each).

Plaintiff reserves the right to call any witnesses identified by Plaintiff-Intervenor or Defendant.

Rebuttal witnesses and witnesses the necessity of whose testimony cannot be reasonably anticipated before the time of trial are not listed.   If any additional witnesses are identified their names will promptly be provided to the Court and to Defendant.

14.   **Any request to amend pleadings:**   None at this time.

15.   **The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery:**   Discovery is ongoing.   The parties have agreed to take further depositions after the discovery deadline.

16.   **Suggestions for expediting disposition of the action:** None at this time.


17. **Estimated length of trial:** Plaintiff estimates that the trial will take 2-3 days.

Respectfully submitted,

C. GREGORY STEWART
General Counsel

_____
KATHARINE W. KORES
Regional Attorney

_____
TERRY BECK
Supervisory Trial Attorney

_____
WILLIAM A. CASH JR.
Senior Trial Attorney
Arkansas Bar No. 88081

EQUAL EMPLOYMENT OPPORTUNITY
      COMMISSION
1407 Union Avenue, Suite 621
Memphis, Tennessee  38104
Ph: (901) 544-0140

9

CERTIFICATE OF SERVICE

I hereby certify that a copy of **Plaintiff's Pretrial Conference Information Sheet** was served this day by first-class mail, postage prepaid, upon the following counsel of record:

Scott J. Lancaster
Daniel L. Herrington
Friday, Eldridge & Clark
2000 First Commercial Bldg.
400 West Capitol Ave.
Little Rock, AR 72201-3495

Morgan Welch
Chris Heil
Welch and Associates
P.O. Box 3685
Little Rock, AR 72203

David H. Williams
212 Center Street, 2nd Floor
Little Rock, AR 72201

_July 30, 98_
**DATE**

_/s/ William A. Cash Jr._
**WILLIAM A. CASH JR.**
Senior Trial Attorney

10